Hon. JAMES BARRETT,
Hon. LOYAL C. KELLOGG, } ASSISTANT JUDGES.
Hon. ASAHEL PECK,

----

## JOHN MORGAN *v.* NORMAN S. ADAMS.

### *Pleadings. Account. Partnership. Arbitration.*

Where the parties to an action of account had, previous to the suit, adjusted any portion of their account, the defendant is not bound to plead specially as to that portion, that he has accounted. The whole account may go before the auditor, and the defendant has the benefit of the evidence so far as it shows he has accounted.

If there was a single item left unadjusted, the defendant cannot plead in bar of a judgment to account, that he does not owe the plaintiff.

A general settlement of a partnership account is a sufficient consideration for a withdrawal of a disputed item by one of the parties, to render the final adjustment binding.

16

Morgan *v.* Adams.

The transaction in this case at the meeting of the parties and arbitrators, was a settlement and payment by the parties, and not an award of arbitrators.

THIS was an action of account between partners. Judgment to account was rendered, and an auditor was appointed, who reported that he disallowed all the defendant's account, and all the plaintiff's account except item No. 14, in respect to which he reported that in July, 1861, the plaintiff and defendant entered into a co-partnership for buying and selling cattle and sheep; that this co-partnership continued for about twenty-two months; that it was understood between them that they should consult together about the propriety and expediency of making purchases; that in November, 1861, the defendant requested the plaintiff not to buy any more cattle then, as the state of the market at that time rendered it probable that they could not make any profit upon cattle purchased at that time; that the plaintiff however obtained money on a partnership note and bought twenty-eight head of cattle, and they were sent to market and there was a loss on them of about $90.; that there was some evidence that the defendant recognized this as a partnership transaction, but not sufficient to satisfy the auditor that he did, or meant fully to adopt and ratify it; that the parties on or about the 11th of June, 1863, agreed to submit the matters of difference between them to three arbitrators named; that when they met for the hearing, the parties went on and settled many items themselves, and each paid to the other the amount of each item as they proceeded and agreed upon them.

There were some items upon which the parties did not agree, and which they called upon the persons chosen as arbitrators to award, which they did, and the balance found in favor of the plaintiff, so far as those items were concerned, the defendant immediately paid over to the plaintiff. It was understood by the parties and the said persons, that all matters of difference were then adjusted between them, so that neither had any claim upon the other, unless something was due on money which had been loaned to Charles and Lyman Martin, of Montgomery, by the plaintiff and defendant; and the auditor found that there was nothing due either party in any way growing out of that loan.

Morgan *v.* Adams.

At the same time the parties executed to each other receipts, as follows:

"EDEN, June 11th, 1863.

" Received of John Morgan fifty dollars in full of all demands up to this date, except four hundred dollars Martin money."

The auditor further found that on the hearing and transaction before the persons chosen as aforesaid, the item of " loss on cattle" was mentioned by the plaintiff as a claim that the defendant *ought* to stand in for, and allow ; but on its being objected to by the defendant, the plaintiff said he could stand it *all* himself, and it was then understood by both parties, and by the arbitrators, that the plaintiff abandoned his claim for " loss on cattle" which is the same charged in his account now presented.

The auditor found that if the defendant ever was and now is holden to pay half the loss on the twenty-eight head of cattle, there is due from him to the plaintiff to balance their accounts, $51.75 ; otherwise there is nothing in arrear from either party.

The plaintiff claimed before the auditor that the defendant could take no advantage of an arbitration and award, as nothing of the kind had been plead in bar of the action, but no objection was made to the proofs offered of the facts reported. The auditor did not find that there was an arbitration and award. There was no evidence before the auditor that there was any demand made by the plaintiff on the defendant to balance accounts between them previous to the commencement of this suit ; and no allusion was made to the fact, nor claim made that it was necessary until the defendant's counsel mentioned it in argument.

Other facts are stated in the opinion.

Upon the report of the auditor the court, at the May Term, 1864, ALDIS, J., presiding, rendered judgment for the defendant,—to which the plaintiff excepted.

*Brigham & Waterman*, for the plaintiff, cited to the point that the defendant having suffered judgment to account to pass by *nil dicit*, is barred from pleading before the auditor an award of arbitrators, or release, or accord and satisfaction,—*Bishop* v. *Baldwin*, 14 Vt. 145 ; that item No. 14 was not passed upon or settled. Chitty on Con. 277 ; *Cumber* v. *Wayne*, Strange 426 ; *Fitch* v. *Sutton*, 5

East, 230 ; *Heathcote* v. *Crookshanks*, 2 Term, 24 ; *Wright* v. *Allen*, 4 Vt. 572 ; *Shaw* v. *Clark*, 6 Vt. 507 ; *Wheeler* v. *Wheeler*, 11 Vt. 60 ; *Goodwin & Co.* v. *Follett*, 25 Vt. 386 ; *Dederick* v. *Leman*, 9 Johns. 333 ; *Howe* v. *Mackay*, 5 Pick. 44 ; *Colburn* v. *Gould*, 1 N. H. 279.

The plaintiff was not bound to prove a demand before the auditor.

If he in fact made no demand, the defendant was under no obligation to account, and if he would avail himself of such an objection he must plead it specially in bar of the action before judgment to account is rendered. 1 Stephens N. P. 3 ; *Baxter* v. *Thompson*, 26 Vt. 559 ; *Bishop* v. *Baldwin*, 14 Vt. 145 ; *Pickett* v. *Pearsons*, 17 Vt. 470 ; *Chadwick & Co.* v. *Divol*, 12 Vt. 499.

*G. W. Hendee* and *W. G. Ferrin*, for the defendant.

PECK, J. The question presented is whether the county court erred in rendering judgment for the defendant on the report of the auditor. If the defendant had a right to rely on the facts reported, after having submitted to judgment to account, there can be no doubt but that the defendant is entitled to judgment on the report, unless the facts reported as to item No. 14 in the plaintiff's account entitle the plaintiff to recover for that item. As to items in the plaintiff's account Nos. 1, 2, 3, 4, 5, 6, 7, 9, 11, 13, 15, 23, 24, 25 and 26, the auditor finds there never was any right to make the charge ; and as to items 21 and 22, he finds that they were concerning matters disconnected with the partnership deal. Thus far no question is raised by the counsel for the plaintiff. Items No. 8, 10, 12, 16, 17, 18, 19 and 20, it appears from the report, were settled and adjusted, and the balances paid after the partnership closed, in a general settlement of all unsettled matters between the parties, except a $400 item consisting of money loaned to Martin ; and that on that occasion the parties executed receipts to each other in full of all demands, " *except four hundred dollars Martin money*," so called in the receipts.

The only question made by the plaintiff's counsel upon the merits, aside from the question of the admissibility of the defence after a judgment to account, is upon item No. 14, being $45, for half the loss on a lot of cattle bought and sold. These cattle, it appears, were purchased by the plaintiff during the existence of the co-part-

Morgan *v.* Adams.

nership, with money raised by the plaintiff on a note signed by him in the name of the co-partnership. At the time the plaintiff purchased these cattle, the defendant had expressed to him a desire or wish that he would not buy any more cattle as the market then was. The auditor finds that the defendant never fully recognized this as a partnership transaction. Assuming that the plaintiff, had he insisted on it, had a right to treat this as a co-partnership transaction, yet it was competent for the parties, in a general settlement, by agreement to exclude it from the company dealings, and for the plaintiff to assume it as an individual transaction of his own. It appears that at the time of this general settlement the plaintiff claimed this item, and the defendant objected to it; whereupon "the plaintiff said that he could stand it all himself, and it was then understood by both parties that the plaintiff abandoned his claim" for this item.

It is further found by the auditor that in that settlement it was understood by both parties that all matters of difference were then adjusted between them, so that neither had any claim upon the other unless something was due on account of money they had loaned to Martin. It is insisted on the part of the plaintiff that there was no consideration for the abandonment of this item, and therefore the plaintiff is not bound by it. But the general settlement which is presumed to have been made on the faith of the plaintiff's withdrawal and abandonment of this disputed item, is a sufficient consideration to render this final adjustment binding. It is too late now for the plaintiff to assert the claim.

But it is insisted that the defendant should have pleaded in bar of a judgment to account, that he had fully accounted, and that he can not rely on this evidence before the auditor. How this would be if it appeared that the defendant had *fully* accounted, it is not necessary to decide, as it appears that he had not fully accounted. The Martin money, which was a partnership matter, was expressly excepted in the settlement and in the receipts executed by the parties. If the defendant had pleaded that he had fully accounted, the proof would not have supported the plea. One item having been excepted in the accounting would have as effectually defeated the plea, as if but one item only had been adjusted, and all the rest left open. When only a portion of the account has been adjusted, the

defendant is not bound to plead specially as to that portion of the account, that he has accounted. In such case, as an auditor must be appointed to adjust the residue of the account, the whole may properly go before the auditor, and the defendant has the benefit of the evidence, so far as it shows he has accounted. It is true that the auditor does not find either party in arrear on account of the Martin money; but that makes no difference. It is sufficient that it was a partnership dealing, and was expressly excepted in the settlement, and left open for future adjustment. The defendant cannot plead in bar of a judgment to account that he does not owe the plaintiff, because such plea would draw the accounting from the auditor to the jury. The auditor does not state specifically the facts in relation to the Martin money, or upon what particular facts he finds nothing due in respect of it. It may be the ground was that each party had received his just share. How the accounts stood between the parties as to this money at the time of the adjustment of the rest of the account does not appear. It may be that at the time of the settlement one was indebted to the other on account of it, and that the latter received the residue of his share afterwards before the hearing before the auditor. But this is not material, as the item was not adjusted in the settlement, and the defendant had not accounted in relation to it.

The question whether an award of arbitrators can be given in evidence as a defence before auditors, does not arise in the case, as no award was made. The parties agreed to submit all matters to three arbitrators named, and the parties and arbitrators met for that purpose, and pending the hearing the parties settled. On some items which the parties failed to adjust, they took the opinion of the arbitrators, and as to those items settled on the basis of that opinion. The substance of the transaction was a settlement and payment by the parties, and not an award of arbitrators.

Judgment affirmed.